E-FILED
Wednesday, 18 August, 2004  10:00:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

OLANDO KEITH CHAFF,
    Petitioner,

v.

SUZANNE R. HASTINGS, WARDEN,
UNITED STATES OF AMERICA,
    Respondent.

CR. NO. 92-06138-CR-W.J.Z.

APPEAL NO. 95-4823

04-1278

---

**JURISDICTIONAL MEMORANDUM IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY**

---

    **NOW COMES, OLANDO K. CHAFF** (Herein after Petitioner) Pro-se, pursuant to 28 U.S.C. § 2241(c)(3), by a person in federal custody, who respectfully moves this Honorable Court to reach the merits of this pleading challenging the legality of his federal detention. Section 2241(c)(3), allows federal courts to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States". Section 2241(a), states that writs of habeas corpus may be granted by the Supreme Court,

a Justice thereof, Circuit Judges and District Courts within the respective jurisdiction, wherein the restraint(s) complained of, is had.

Jurisdiction is therefore vested to this Honorable Court pursuant to § 2241, where petitioner is imprisoned within this courts jurisdiction at the Federal Correctional Institution in Pekin, Illinois.

> Section 2255 is "inadequate or ineffective" to test the legality of petitioner's incarceration.

28 U.S.C. 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called 2255 "savings clause". The so-called "savings clause" of 2255 allows a prisoner to bring a 2241 habeas petition if he can show that the 2255 remedy is "inadequate or ineffective to test the legality of the prisoner's detention." See 28 U.S.C. § 2255 ¶ 5 last clause.

The Seventh Circuit In Re Davenport, 147 F.3d 605, 611-12 (7th cir. 1998), set forth the requirements that must be met before a defendant can use 2241 to collaterally attack his conviction and sentence, Davenport, provides that § 2255 is inadequate or ineffective, making relief under § 2241 available, only if: (a) The prisoner had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first § 2255; (b) The change of law has been made retroactive by the

- 2 -

Supreme Court; (c) The change eludes the permission granted in § 2255 for successive motions; and (d) The "change in law" is not merely a difference between the law in the Circuit in which he is incarcerated and the law in the Circuit in which the petitioner was sentenced. Id Davenport, 147 F.3d at 611-12.

In Davenport, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. One of the petitioners, Nichols, sought relief from his conviction for use of a firearm in the commission of a drug offense under 18 U.S.C. § 924(c), Nichols appealed his conviction and, after his conviction was affirmed, sought relief under § 2255 on the basis of ineffective assistance of counsel, which was denied. Subsequently, the Supreme Court decided Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), in which it held that "use" for purposes of 18 U.S.C. § 924(c) "does not include mere possession", as had been the law of this circuit when Nichols was convicted. Davenport, 147 F.3d at 610-611.

Moreover, the criteria set out in Davenport, is not an absolute procedural barrier which must be overcome in every case before a court can reach the merits of a habeas petition. For example, in Garza v. Lappin, 253 F.3d 918, 923 (7th cir. 2001), the Seventh Circuit reached the merits of the petitioner's claim reasoning that "because the argument does not rely on newly discovered evidence or a new rule of Constitutional law", which ironically, are the very requirements of Davenport, "[s]ection 2255 therefore does not now and has never provided an adequate avenue for testing the defendant's present challenge to the

- 3 -

legality of his sentence", Garza, 253 F.3d at 923. The Garza court thus held that the petitioner was entitled to raise his argument in a habeas corpus petition under § 2241.

The underlying principle in both Davenport and Garza is that the argument was previously unavailable to them. The Seventh Circuit held this to be sufficient and proceeded to reach the merits of their cases. As this petition has similar issues it should be addressed as well.

The petitioner's claim is based in part, on the Supreme Court interpretation of a criminal statute, Dewey J. Jones v. United States, 146 L.Ed.2d 902, 120 S.Ct. 1904 (2000), this is an arson case, in which the Supreme Court ruled that a home that was not used in commercial activity could not be the subject of federal jurisdiction simply because the home was insured by an insurance company that wrote claims out-of-state. The petitioner, who actually has a Hobbs Act robbery is depending on the critical language in Dewey Jones, 146 L.Ed.2d 902, S.Ct. 1904 (2000), to show the court that the element necessary to satisfy jurisdiction does not exist, an element that is essential for the Hobbs Act, 18 U.S.C. § 1951 to stand.

The petitioner will further argue, relying on United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), that the robbery did not substantially affect interstate commerce, and that, as a consequence, there was an insufficient jurisdictional basis for his Hobbs Act prosecution.

According to the Supreme Court, there can be no federal jurisdiction in the robbery of a victim in his home simply

because the home was insured by an insurance company that writes claims out-of-state.

Accordingly, a second or successive motion under § 2255 would be unsuccessful because it would not rely on newly discovered evidence or a new rule of Constitutional law. 28 U.S.C. § 2255, subsection 2; which speaks only to intervening Supreme Court decisions based on Constitutional grounds:

> (2) A new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The provision does not provide any avenue through which a petitioner could rely on an intervening court decision based on the substantive reach of a federal statute. Lorentsen v. Hood, 223 F.3d 950, 953 (9th cir. 2000) (Congress has determined that second or successive § 2255 motions may not contain statutory claims). Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st cir. 2000) The savings clause has to be resorted to for such a statutory claim because Congress restricted second or successive petitions to constitutional claims.

Title 28 U.S.C. § 2255, paragraph 5, more commonly referred to as the "escape hatch" or "savings clause", states in pertinent part:

> Unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

The savings clause preserves review pursuant to § 2241, of statutory claims, because Congress has restricted second or

- 5 -

successive petitions to constitutional claims. The savings clause has most often been used as a vehicle to present an argument that, under a Supreme Court decision interpreting the meaning of a statute, a prisoner is not guilty within the new meaning attributed to the statute. <u>Davenport</u>, 147 F.3d at 610-12.

Congress did not clearly and expressly state in its desire to preclude judicial consideration in habeas corpus of important questions such as miscarriage of justice, actual innocence, and illegal detention, when § 2255 is inadequate or ineffective to test the legality of an inmates detention. Thus, § 2241 must remain available as an avenue of relief when, as the Seventh Circuit recently held, "it was literally impossible for [petitioner] to have raised it at anytime earlier", and "the argument clearly does not rely on newly discovered evidence or a new rule of constitutional law." <u>Garza</u>, 253 F.3d 923.

## PROCEDURAL DEFAULT

Aside from having to establish that § 2255 is an inadequate or ineffective avenue to test the legality of his conviction and sentence, petitioner must also overcome any procedural defaults precluding judicial consideration of the merits of his claim, generally, a habeas petitioner can overcome a procedural default by showing either (1) cause for the default and actual prejudice as a result of the alleged violation of federal law or, (2) that failure to consider the claim will result in a fundamental miscarriage of justice. <u>Mills v. Jordan</u>, 979 F.2d 1273, 1277

(7th cir. 1992). Petitioner asserts that he can overcome his procedural default in two ways: under <u>Sawyer v. Whitley</u>, 120 L.Ed.2d 269 (1992), (1) the actual innocence exception to the procedural default rule, and (2) failure to consider the merits of the claim will result in a fundamental miscarriage of justice. Each issue will be addressed.

### ACTUALLY INNOCENT OF THE HOBBS ACT ROBBERY, 18 U.S.C.A. 1951 & 2

The arguments raised in the instant petition makes a colorable claim of actual innocence. Such a showing provides petitioner a gateway in which to have his otherwise defaulted claim heard on the merits. <u>Sawyer v. Whitley</u>, 120 L.Ed.2d 269 (1992), the petitioner here claims that he is, in fact, actually innocent of the Hobbs Act robbery, 18 U.S.C.A. 1951 & 2. Petitioner claims an error was made because the jurisdictional requirement did not exist for the Hobbs Act when his guilty plea was accepted by the District Court when there was insufficient evidence to establish the second essential element, that being the effect the actual robbery had on interstate commerce. The robbery the petitioner is convicted of is for a local residence, an owner occupied residence, one that had absolutely no commercial activity at all. The statement made by the prosecutor, at the plea hearing, that the resident was insured by an insurance company that wrote claims out-of-state was all the court used to satisfy the necessary element needed to convict. That was the

- 7 -

effect on interstate commerce. See transcripts of plea hearing P. 48, Lines 6 thru 11.

After petitioner's first § 2255 was denied, the Supreme Court decided in Dewey J. Jones v. United States, 146 L.Ed.2d 902 (2000), an arson case, that an owner-occupied resident which is not used for commercial purpose does not qualify as property "used in" commerce. In doing so, the Supreme Court specifically rejected the argument as a basis for federal jurisdiction that the home was the subject of an insurance policy issued by an out-of-state insurance company. The Supreme Court held that "use" means active employment citing Bailey v. United States, 514 U.S. 137, 143 (1995). Therefore, the second and most crucial element needed to convict under the Hobbs Act Robbery, Title 18 U.S.C. § 1951, was not satisfied and because the court accepted the petitioner's guilty plea to a crime he did not commit, the guilty plea should be deemed invalid.

The failure to do what was necessary to protect a defendant from pleading to a charge that did not fit the crime was a direct violation of his Due Process Rights that are afforded to him under the United States Constitution.

The petitioner asserts that based on the above stated reasons, he is, in fact, actually innocent of the Hobbs Act Robbery, 18 U.S.C. § 1951 & 2, and his petition should be allowed for a hearing on the merits. In the case Smith v. Murray, 447 U.S. 527 (1996), Justice O'Connor noted that:

> "In appropriate cases the principles of comity
> and finality that inform the concepts of cause

>    and prejudice 'must yield to the imperative of
>    correcting a fundamentally unjust incarceration'.
>    Accordingly, 'where a constitutional violation
>    probably resulted in the conviction of one who
>    is actually innocent, a federal habeas court may
>    grant the writ even in the absence of a showing
>    of cause for procedural default'."

Additionally, the A.E.D.P.A. must posess an actual innocence exception that would allow a petitioner to bring his actual innocence claim under § 2241 or else the A.E.D.P.A. is an unconstitutional act of legislative authority and would allow for a miscarriage of justice.

## FUNDAMENTAL MISCARRIAGE OF JUSTICE

Petitioner alleges in his application for writ of habeas corpus and supporting memorandum that he is currently being illegally held and deprived of his liberty in violation of the Constitution or laws or treaties of the United States, having already served twelve plus years for a crime against the United States, a crime he did not commit. The Seventh Circuit has recognized that if a petitioner can establish that failure to consider the merits of a habeas petition would result in a fundamental miscarriage of justice, such a showing would establish "cause" to excuse any procedural default. See Mills, 979 F.2d at 1277.

If petitioner's legal argument is correct, than a failure to issue a writ of habeas corpus will result in a fundamental miscarriage of justice, petitioner will remain in prison serving

a sentence for a crime that he did not commit due to a procedural default. The Supreme Court has held that to do so would be a miscarriage of justice. See <u>Fay v. NOIA</u>, 372 U.S. 391 (1963).

Where the instant petition established the prisoner is "in custody", and the substance of the claim being asserted challenges the legality of custody on the ground that it is, and was imposed in violation of the laws of the United States due directly to an intervening change in statutory interpretation, this court has jurisdiction to grant the instant petition for writ of habeas corpus.

Respectfully Submitted,

*Olando K. Chaff*
Olando K. Chaff

## CERTIFICATE OF SERVICE

I, the below signed, hereby certify and swear under penalty of perjury, that a true and correct copy of the foregoing was sent U.S. Mail, first-class, pre-paid postage, by placing it in the Legal Mail box at F.C.I. Pekin, this __11TH__ day of __AUGUST__, 2004, to:

>Clerk of the District Court
>For the Central District of Illinois

*Olando K. Chaff*
Olando K. Chaff