# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| OLANDO CHAFF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-1278 |
| | ) | |
| SUZANNE HASTINGS, Warden, | ) | |
| FCI Pekin, Illinois, | ) | |
| | ) | |
| Respondent. | ) | |

## **O R D E R**

In January 1993 Petitioner Olando Chaff was named in a second superseding indictment returned by a grand jury sitting in the U.S. District Court for the Southern District of Florida.  One of the counts charged a September 1992 robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, which makes it a federal crime to commit a robbery that affects commerce.  Apparently the theory in his case was that his robbery affected commerce because the victims filed an insurance claim with a national insurer seeking reimbursement for items taken from them.  Chaff pled guilty to the Hobbs Act robbery in March 1993.  He appealed to the Eleventh Circuit but that court affirmed in February 1997.  He filed a § 2255 motion in his sentencing court but was denied relief in December 1998.

He is now serving time at FCI Pekin in this district and he seeks to challenge his Hobbs Act conviction in reliance on Jones v.

United States, 529 U.S. 848 (2000).  Jones was a case interpreting the scope of the federal arson and bombing statute, 18 U.S.C. § 844(i).  Jones establishes that an owner-occupied private residence is not property used in commerce or in an activity affecting commerce simply because it was covered by casualty insurance provided by an insurer in another state.  Id. at 855.  Chaff believes Jones also establishes that his robbery did not affect commerce for Hobbs Act purposes simply because his victims filed a claim with a national insurance company.

Now if Chaff's challenge falls within the scope of 28 U.S.C. § 2255 ¶ 1, then this Court must dismiss for want of jurisdiction because that sort of motion must be heard by Chaff's sentencing court in Florida.  Moreover, if Chaff is bringing a § 2255 motion after having brought a prior one which was denied on the merits (which is apparently what happened) then, once again, this Court must dismiss because Chaff needs prior appellate approval to file a second § 2255 motion.  § 2255 ¶ 8, 2244(b).

Chaff knows this, and he knows he will not get appellate approval, because he relies on a new statutory decision rather than new evidence or a new rule of constitutional law.  Cf. §§ 2255 ¶ 8, 2244(b)(2).  So what he is trying to do here is persuade the Court that § 2255 is an inadequate remedy (see § 2255 ¶ 5) and that he should therefore be able to challenge his Hobbs Act conviction by way of a § 2241 writ of habeas corpus in this Court on the authority of In re Davenport, 147 F.3d 605 (7th Cir. 1998).

Davenport would permit this Court to consider Chaff's claim if, after his initial § 2255 motion was denied (in December 1998), the U.S. Supreme Court ruled that the Hobbs Act did not reach the type of robbery Chaff committed, and if in so doing it overruled contrary Eleventh Circuit case law which had been against Chaff during his criminal proceedings and his first collateral attack. In such a case it could be said that Chaff has had "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence." Id. at 611. As explained most recently by the Seventh Circuit in Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002), § 2255 is "inadequate or ineffective" when its provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the prisoner's actual innocence.

In this case, however, there was respectable authority as early as 1981 supporting the notion that an owner-occupied private residence is not used in commerce or an activity affecting commerce, for purposes of § 844(i), simply because it was insured by a company engaged in commerce or whose activities affect commerce. United States v. Mennuti, 639 F.2d 107, 110-12 (2d Cir. 1981)(Friendly, J.). The Eleventh Circuit reached a similar conclusion while Chaff's case was on direct appeal. United States v. Denalli, 73 F.3d 328 (11th Cir. 1996). There is no apparent reason why Chaff could not have raised his argument sooner.

3

IT IS THEREFORE ORDERED that Petitioner's petition for a writ of habeas corpus is DISMISSED.  CASE TERMINATED.

Signed this <u>1st</u> day of September 2004.

s/ Joe B. McDade

JOE BILLY McDADE
Chief United States District Judge
