E-FILED
Wednesday, 08 September, 2004 04:57:51 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED

SEP - 8 2004

JOHN M. WATERS
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OLANDO KEITH CHAFF,

    Petitioner,

v.

SUZANNE R. HASTINGS, WARDEN,
UNITED STATES OF AMERICA,

    Respondent.

Civil No. 04-1278

Criminal No.
  92-06138-CR-W.J.Z.

Appeal No. 95-4823

04-1278

## MOTION FOR RECONSIDERATION

    **NOW COMES OLANDO CHAFF**, Defendant-Petitioner, pro se, hereinafter as petitioner, pursuant to Federal Rule of Civil Procedure 59(e), respectfully moves this Honorable Court to enter an order to alter or amend the judgment in the above captioned cause. In support thereof, petitioner states as follows:

    1. That on or about August 17, 2004, petitioner filed a petition for writ of habeas corpus with this court, pursuant to Title 28 U.S.C. § 2241 et. seq., alleging claims that the trial court lacked jurisdiction to accept petitioner's pleas of guilty under the Hobbs Act, pursuant to Title 18

U.S.C. § 1951.

2. On or about September 1, 2004, this court pursuant to Rule 4(b) of the rules governing habeas proceedings entered an order summarily dismissing the instant habeas petition based on the assumption that the issues contained therein were procedurally defaulted.

### STANDARD OF REVIEW

Rule 59(e) permits a District Court to entertain a motion to alter or amend a judgment. A claimant can invoke the rule to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact. See **Bank of Waunakee v. Rochester Cheese Sales, Inc.**, 906 F.2d 1185, 1191-92 (7th cir. 1990). The rule essentially enables a District Court to correct its own errors, sparing the parties and the Appellate Courts the burden of unnecessary appellate proceedings. **Charles v. Daley**, 799 F.2d 343, 348 (7th cir. 1986). **Russell v. Delco Remy Div. of General Motors Corp.**, 51 F.3d 746, 749 (7th cir. 1995).

### ARGUMENT

This court erred when it dismissed petitioner's § 2241 habeas corpus petition on the assumption that he procedurally

defaulted his jurisdictional claim, by not advancing it earlier in the proceedings.

This court misconstrued petitioner's claim and therefore undertook an erroneous view of the law that petitioner waived his jurisdictional claim, which entitles him relief under Rule 59(e).

The gist of petitioner's claim for relief in his habeas petition is therefore premised on the fact the trial court lacked subject matter jurisdiction to accept petitioner's plea of guilty.

Subject-matter jurisdiction, then, is an Article III, as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, **California v. Larue**, 409 U.S. 109, 34 L.Ed.2d 342, 93 S.Ct. 390 (1972), principles of estoppels do not apply, **American Fire & Casualty Co. v. Finn**, 341 U.S. 6, 17-18, 95 L.Ed 702, 71 S.Ct. 534 (1951), and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings. **Insurance Corp. of Ireland, Ltd. et. al. v. Compagnie Des Buxites De Guinea**, 456 U.S. 694, 72 L.Ed.2d 492, 102 S.Ct. 2099 (1982), See Also, **Kelly v. U.S.**, 29 F.3d 1107, 1112 (7th cir. 1994) (holding that jurisdictional defects are never waived -).

In light of the above law and stated facts this court has jurisdiction to entertain petitioner's habeas petition, based on a lack of jurisdiction. Therefore a Motion for Reconsideration gives the court an ample opportunity to consider its findings and correct errors of law that may serve to contribute to a fundamental miscarriage of justice.

**WHEREFORE**, Petitioner prays that this Honorable Court for all the reasons stated herein, grant the relief requested.

Respectfully Submitted,

*Olando K. Chaff*
**OLANDO KEITH CHAFF**
Reg. No. 46062-004
Federal Correctional Institution
P.O. Box 5000
Pekin, IL  61555-5000

- 4 -

## CERTIFICATE OF FILING

I, Olando Chaff, hereby certify on this __7TH__ day of September, 2004, I the undersigned party did file the within Motion for Reconsideration on Central District Court of Illinois, by mailing one (1) original and two (2) copies thereof by depositing the same in the U.S. Mailbox at F.C.I. Pekin, Illinois, addressed to Office of the Clerk, Room 309, Federal Building, 100 N.E. Monroe, Peoria, Illinois, 61602, with sufficient postage affixed thereto.

*Olando Chaff*
Olando Chaff

## CERTIFICATE OF SERVICE

I, Olando Chaff, hereby certify under the penalty of perjury, that on this __7TH__ day of September, 2004, I the undersigned party did serve the within Motion for Reconsideration on The U.S. Attorney's Office, 211 Fulton St., Suite 400, Peoria, Illinois, 61602, by mailing one (1) copy thereof, and placing said documents in the U.S. Mailbox at F.C.I. Pekin, Illinois, with first-class postage, fully pre-paid.

*Olando Chaff*
Olando Chaff

- 5 -