## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| OLANDO CHAFF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 04-1278 |
| | ) | |
| SUZANNE HASTINGS, Warden, | ) | |
| FCI Pekin Illinois, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

Petitioner Olando Chaff filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction for a violation of the Hobbs Act on the ground that the robbery he committed did not fall within the scope of the statute. In an order of September 1, 2004, dismissing his petition the Court noted that Chaff could not proceed under § 2241 unless his § 2255 remedy was inadequate or ineffective, which was not the case because nothing prevented him from raising his argument sooner. Chaff has now filed a motion to reconsider in which he argues that he can raise his claim at any time because it calls his sentencing court's subject-matter jurisdiction into question.

He is wrong about that. Section 3231 of Title 18 of the U.S. Code provides that the "district courts of the United States . . . have original jurisdiction . . . of all offenses against the laws

of the United States," and Chaff was indicted for violating the federal Hobbs Act.  That is all the concept of subject-matter jurisdiction requires.  It may be the case that the allegations of Chaff's indictment (on closer inspection) fail to state a federal offense, and it may be the case that the factual basis of Chaff's guilty plea did not constitute a federal offense.  But this would not mean that his sentencing court lacked subject-matter jurisdiction.  <u>Lamar v. United States</u>, 240 U.S. 60, 65 (1916)(challenge to an indictment); <u>United States v. Martin</u>, 147 F.3d 529, 531-32 (7th Cir. 1998)(challenge to a conviction by guilty plea).  The motion to reconsider is DENIED.

Signed this <u>10th</u> day of September 2004.

<u>s/ Joe B. McDade</u>
JOE BILLY McDADE
Chief United States District Judge