E-FILED
Friday, 09 September, 2005 04:08:57 PM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

### NOTICE OF ISSUANCE OF MANDATE

DATE: September 7, 2005

TO: John M. Waters
United States District Court
Central District of Illinois
Room 309
100 N.E. Monroe Street
Peoria, IL 61602

FROM: Gino J. Agnello, Clerk

RE: 04-3497
Chaff, Olando K. v. Veach, Rick V.
04 C 1278, Joe Billy McDade, Judge

**FILED**
SEP - 9 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

| ENCLOSED: | | TO BE RETURNED AT LATER DATE: |
|---|---|---|
| [1] | Volumes of pleadings | [ ] |
| [ ] | Volumes of loose pleadings | [ ] |
| [ ] | Volumes of transcripts | [ ] |
| [ ] | Volumes of exhibits | [ ] |
| [ ] | Volumes of depositions | [ ] |
| [ ] | In Camera material | [ ] |
| [ ] | Other_____ | [ ] |
| | Record being retained for use in Appeal No. _____ | [ ] |

Copies of this notice sent to:        Counsel of record
[ ]   United States Marshal
[ ]   United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

Date: _____         _____
(1071-120397)                          Deputy Clerk, U.S. District Court

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT- WITHOUT ORAL ARGUMENT

Date: June 30, 2005

BEFORE:    Honorable RICHARD A. POSNER, Circuit Judge

Honorable JOHN L. COFFEY, Circuit Judge

Honorable ANN CLAIRE WILLIAMS, Circuit Judge

No. 04-3497

ORLANDO K. CHAFF,
        Petitioner - Appellant
  v.

RICK V. VEACH, Warden,
        Respondent - Appellee

Appeal from the United States District Court for the
Central District of Illinois
No. 04 C 1278, Joe Billy McDade, Judge

    The judgment of the District Court is AFFIRMED, in
accordance with the decision of this court entered on this date.

(1060-110393)

*CERTIFIED COPY*

UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

CERTIFIED COPY

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 9, 2005[*]
Decided June 30, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3497

| | |
|---|---|
| OLANDO K. CHAFF,<br>*Petitioner-Appellant,*<br><br>*v.*<br><br>RICK V. VEACH,<br>*Respondent-Appellee.* | Appeal from the United States<br>District Court for the Central<br>District of Illinois<br><br>No. 04-1278<br><br>Joe Billy McDade,<br>*Judge.* |

### ORDER

In 1992 Orlando Chaff and two other men invaded a home in the Southern District of Florida, kidnapped the homeowners and their child at gunpoint, and robbed the house of cash and jewelry. A plan to hold the family for ransom was thwarted, and the three were arrested. Chaff later pleaded guilty to conspiracy to commit kidnapping, 18 U.S.C. § 1201(c); attempted obstruction of commerce by robbery, *id.* § 1951(a); use of a firearm during and in relation to a crime of violence, *id.* § 924(c); and possession of a firearm by a felon, *id.* § 922(g)(1). He was sentenced to a total of 240 months' imprisonment derived principally from a 180-month term on the § 922(g)(1) count and a consecutive 60-month term on the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Accordingly, this appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

No. 04-3497                                                                                           Page 2

§ 924(c) count.  Chaff also received 150-month terms on the kidnapping and robbery charge to run concurrently with each other and with the longer term imposed on the § 922(g)(1) count.  Chaff appealed, and in March 1997 the Eleventh Circuit affirmed in all respects.  *United States v. Chaff*, 108 F.3d 342 (11th Cir. 1997).  Chaff then filed a motion to vacate under 28 U.S.C. § 2255, which the Florida district court denied.  In June 1999 the Eleventh Circuit denied Chaff's application for a certificate of appealability.

Five years later, in August 2004, Chaff petitioned for habeas corpus under 28 U.S.C. § 2241 in the Central District of Illinois where he is serving his federal sentences.  Chaff claimed that his conviction under § 1951 (commonly known as the Hobbs Act) must be vacated because, in his view, the government's factual basis did not establish that the home he robbed affected commerce, as was necessary to convict.  Chaff relied on *Jones v. United States*, 529 U.S. 848 (2000), which holds that the arson of an owner-occupied home that is not used for any commercial purpose cannot be prosecuted under 18 U.S.C. § 844(i) because a home is not "property 'used' in interstate commerce or commerce-affecting activity" and thus does not satisfy the commerce element of the statute, *id.* at 850-51.  In a memorandum submitted with his petition, Chaff contended that § 2241 is the appropriate means to attack his Hobbs Act conviction because § 2255 was "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255 ¶ 5; *United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).  It was inadequate, he contended, because a successive motion under § 2255 is limited to claims based on newly discovered evidence or a new rule of constitutional law.  *Prevatte*, 300 F.3d at 797.  His claim, in contrast, is that the Supreme Court's interpretation of § 844(i) in *Jones* establishes that he is actually innocent of the Hobbs Act charge.

The district court concluded that § 2255 was not inadequate because Chaff could have challenged the commerce element on direct appeal by relying on "respectable authority" from other circuits, *e.g. United States v. Menutti*, 639 F.2d 107, 110-12 (2d Cir. 1981) (holding in prosecution under § 844(i) that residence was not "used" in commerce despite being advertised for rental and receiving natural gas, electricity, and insurance from out-of-state companies); *United States v. Pappadopoulos*, 64 F.3d 522, 528 (9th Cir. 1995) (holding in prosecution under § 844(i) that residence lacked commerce nexus despite receiving natural gas from out-of-state sources), or in his § 2255 motion by relying on an Eleventh Circuit case decided while his appeal was pending, *see United States v. Denalli*, 73 F.3d 328, 329-31 (11th Cir 1996) (holding in prosecution under § 844(i) that residence lacked commerce nexus despite owner-occupant's use of home computer for international business).

No. 04-3497 Page 3

Had Chaff been prosecuted in this circuit, he might have a better argument that § 2255 is ineffectual, assuming, as the district court did, that *Jones* even affects the "concept of 'commerce'" in the Hobbs Act. *Cf. United States v. Marrero*, 299 F.3d 635, 655-56 (7th Cir. 2002) (expressing concern that, despite recent decisions including *Jones*, government was unwilling to recognize limits to reach of Hobbs Act); *but see Wilkerson v. United States*, 361 F.3d 717, 732 n.8 (2d Cir. 2004) (labeling as "significant" that Supreme Court, despite *Jones*, has declined to review sufficiency of commerce nexus under Hobbs Act). When circuit law is "so firmly against" a petitioner, he need not raise the issue to preserve it for later collateral attack should the law change. *Davenport*, 147 F.3d at 610. Chaff's claim, to the extent it rests on analogy to 844(i), would have been foreclosed by our caselaw until it was overruled in *Jones*. *See United States v. Stillwell*, 900 F.2d 1104, 1107-08 (7th Cir. 1990) (holding in prosecution under § 844(i) that commerce nexus is satisfied where private residence serves no business purpose but receives natural gas from out of state); *see also United States v. Martin*, 63 F.3d 1422, 1426-27 (7th Cir. 1995) (holding in prosecution under § 844(i) that vacant apartment building withdrawn from rental market was still "used" in interstate commerce).

But when Chaff filed his § 2255 motion in the district of conviction, he had the benefit of the Eleventh Circuit's recent decision in *Denalli*, and therefore had a reasonable opportunity to raise the legal theory he advances in his § 2241 petition. And because when he litigated his § 2255 motion Chaff had an "unobstructed procedural shot at getting his sentence vacated," he cannot argue that § 2255 provided an inadequate remedy. *See Davenport*, 147 F.3d at 609-10; *see also Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999) (§ 2241 unavailable for claim that was not "squarely foreclosed" by circuit law at the time of direct appeal or § 2255); *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255."); *Abdullah v. Hendrick*, 392 F.2d 957, 963 (8th Cir. 2004) (§ 2255 does not free inmate from failure to raise available claim in earlier § 2255 motion). Accordingly, the district court correctly held that § 2241 is not a remedy available to Chaff.

AFFIRMED.